KINGS COUNTY.—HON. ABRAHAM LOTT, SURRO-GATE.—December, 1886.

MATTER OF SMITH.

*In the matter of the estate of* JOHN W. SMITH, *deceased.*

Under L. 1885, ch. 483, imposing a tax upon property passing by will, intestacy, or transfer taking effect after the death of the transferor, to a person other than "father, mother, husband, wife, children, brother and sister *and lineal descendants* born in lawful wedlock," etc., the exemption of *descendants* extends only to those who occupy that relation towards the testator, intestate, or person making the transfer described.

The design of the proviso, in the first section of that act, "that *an estate* which may be valued at a less sum than five hundred dollars shall not be subject to said tax or duty," is to exempt small legacies, etc., from the imposition,—the *estate* specified being that of the taker, and not that of the testator, intestate, or transferor.

APPLICATION by George B. Abbott, public administrator of Kings county, for the judicial settlement of his account as administrator of the estate of John W. Smith, deceased.

CHARLES M. OTIS, *for public administrator.*

WILLIAM B. DAVENPORT, *general guardian, in person.*

THE SURROGATE.—The tax is imposed upon all taking, except " father, mother, husband, wife, children, brother and sister, and lineal descendants born in lawful wedlock, and the wife or widow of a son, and the husband of a daughter, and the societies, corporations and institutions now exempted by law from taxation. Provided, that an estate which may be valued at a less sum than five hundred dollars shall not be subject to said tax or duty."

Two questions are submitted regarding the construction of this : (1) Are the words " lineal descendants " restricted to descendants of the ancestor ? (2) Does the word " estate," in the exemption clause, refer to the entire estate left by the ancestor, or to the share coming to the person, society or corporation liable to taxation ?

In answer to the first question, it is submitted that the words " lineal descendants " are restricted to those of the ancestor ; the section refers to the relation of all the persons named to the ancestor. It is not at all ambiguous. But if more were wanted, the same words are used again in the second section of the act, and provision is made for the taxation of a remainder when left " to a collateral heir of the decedent, or to a stranger in blood." This, I think, is decisive as to the proper construction being as here claimed.

As to the second question, I think it evidently refers to the " estate " given the person liable to taxation, and for the following reasons: (1) It could not concern the legislature what the extent of the decedent's estate amounted to. If he had a million, and gave to persons deemed by him worthy (but not of

the exempt class) $100, each, no possible reason could exist for taxing those legatees because he had given so much more to persons who were not liable to taxation. (2) The provisions of the second section show that the legislature intended only to value a remainder going to those not exempt. The solution of the second question is not quite so clear as it might be, but still I think it accords with the intention of the legislature, and I think the amount of the tax also shows that it was not intended to be placed on small legacies.