### IN THE

# SURROGATES' COURTS

### OF THE

## STATE OF NEW YORK.

---

WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—September, 1887.

### MATTER OF HOPKINS.

*In the matter of the estate of* LOUISA S. HOPKINS,
*deceased.*

A legatee, or a distributee of the property of an intestate, whose legacy or share is less than $500 in value, is, upon that ground, exempt from the tax imposed upon the passing of certain property, by L. 1885, ch. 483. The word, "estate," in the clause of § 1 of that act, as amended by L. 1887, ch. 713, providing "that an estate which may be valued at a less sum than five hundred dollars shall not be subject to such duty or tax," refers to the interest of the taker.

Decedent, by her will, bequeathed the residue of her estate, amounting to more than $6,000, to the executor, in trust, to convert and invest, and pay the net income to P., her brother, for life, with discretionary power to expend from $200 to $300 of the principal annually, for P.'s support; remainder to distant relatives.—

*Held,* that a tax upon *the remainder* could not be fixed or recovered during P.'s lifetime.

Matter of Smith, 5 *Dem.,* 90; Matter of McCready, *post,* 292; approved.

MISS HOPKINS was a spinster, leaving no father or mother her surviving, but leaving one brother. She left a will; by which she bequeathed to Annie E. Hyatt the sum of $150, and also her wearing apparel, household furniture, silverware, the pictures of her father and mother, her diamond ring, gold watch and chain, and all her other jewelry and personal ornaments, with a few exceptions; to Abbie H. Hyatt $150 ; and to Dustan Hyatt and Robert Hyatt $100, each—all whom were distant relatives. After making some other small bequests, she gave the residue of her estate, amounting to upwards of $6,000, to her executor, in trust to convert and invest, and to pay the net income to her brother Peter H. Hopkins, and also, in his discretion, to pay to said brother from two to three hundred dollars a year of the principal for his support, and at the death of the brother, what might remain was given to the Hyatts above named, equally.

CLARENCE H. FROST, *for executor.*

THE SURROGATE.—When the opinion in the Matter of Jones (5 *Dem.*, 30) was prepared, the question as to the construction of the proviso appended to § 1 of the act of 1885, to the effect that " an estate which may be valued at a less sum than five hundred dollars shall not be subject " to the duty or tax provided by the act, had not been presented for consideration ; but it was then held that the estates to be appraised under the provisions of the 13th section, were not the estates of deceased persons, but of those to whom they were given, or by whom they were inherited.

It would seem in harmony with this view to determine that the *estates* mentioned in the proviso are the same. I concur, therefore, with Surrogates Lott (Matter of Smith, 5 *Dem.*, 90), and Rollins (Matter of McCready, *post*, 292), in holding that any estate devised, inherited, or bequeathed, or the subject of distribution to any person, which shall be valued at less than five hundred dollars, is not subject to the tax provided by said act. The language in which the act is couched, does not render the meaning very perspicuous. Ordinarily, the word " estate " would not be employed to designate the interest of a legatee in a gold watch, a diamond necklace, a horse, or household furniture bequeathed to him; and yet the property so given would, strictly, become his personal estate. The word is more frequently used in connection with an interest in land; still it is applicable to an interest in any kind of property, personal and real.

An appraiser was appointed to fix the value of the " estates " bequeathed by the will in question. The articles of wearing apparel, household furniture, silverware, pictures, etc., etc., bequeathed to Annie E. Hyatt, other than the $150 in money, were appraised, and the value fixed at $257.65. Add the legacy in money, and the whole amount is $407.65. Hence the legacy is not subject to the tax. The other legacies stand in the same position in this respect.

The value of the estate, or the amount of it, which may remain after the death of the brother, Peter H. Hopkins, it is impossible to ascertain, with a view to fixing the tax it should yield. It is also impossible to determine how long he may live, and how much of

the principal fund may be paid him by the executor, in the exercise of the limited discretion conferred upon him by the will. Indeed, it is possible that the whole *residuum* may be exhausted in the use of the discretionary power. In case of his death, the amount remaining (if any) will be known. When that shall have occurred, whether the tax can then be fixed and recovered under the provisions of the act, it is needless to inquire. It cannot be done now. As the matter stands, all the legacies are free from the tax.