In the Matter of the Estate of MARY HOWE, Deceased.

It *seems* the $500 limitation in the " Collateral Inheritance Act " (Chap. 483, Laws of 1885), does not apply to the whole estate, of which the testator was seized or possessed, but only to so much of it as passes to certain designated persons; and in determining whether a legatee or devisee is liable to taxation under said limitation, it is the value of the devise or legacy which is to be considered, not the value of the whole estate left by the testator.

The said act is governed by the provision of the Revised Statutes (1 R. S. 157, § 12), declaring that " every law, unless a different time shall be prescribed therein, shall commence and take effect * * * on and not before the twentieth day after the day of its final passage as certified by the secretary of state."

Accordingly *held*, where a testatrix died after the passage of the act, but before the expiration of the twenty days, that no tax was payable upon a legacy contained in the will.

(Argued December 11, 1888; decided January 15, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made April 17, 1888, which reversed so much of a decree of the surrogate of the county of Tompkins as decided that certain legacies given by the will of Mary Howe, who died June 16, 1885, were subject to taxation under chapter 483, Laws of 1885, and directed the executors to collect the same from the legatees or deduct the same from their respective legacies. (Reported below, 48 Hun, 235.)

The material facts are stated in the opinion.          ₒ

*Charles F. Tabor, Attorney-General,* for appellants.   The statute did contain words specifically expressing a legislative intent that the statute should take effect immediately, so far, at least, as to the liability to taxation of certain classes of legacies in wills of persons dying after the act had received the assent of the executive.   (1 R. S. [Banks' 7th ed.] 433, §§ 10, 11, 12; *Wartman* v. *Philadelphia,* 33 Pa. St. 202; *Logan* v. *State,* 3 Heisk. 442;   *In re Tebbetts,* 5 L. Rep. 259, 267; *Johnson* v. *Fay,* 16 Gray, 144;   *Ex parte Rashleigh,* L. R., 2 Ch. Div. 9; *Latless* v. *Holmes,* 4 T. R. 660; 2 Black Com. 10, 11, 12, 13; *Eyre* v. *Jacobs,* 14 Gratt. 422; *Miller* v. *Comm.,* 27 id. 110, 117; *Strode* v. *Comm.,* 52 Pa. St. 181; 3 R. S. [Banks' 7th ed.], 2163, 2210, 2283, 2285, 2303.)   The whole body of the estate, or such portion of it as passes under the will to devisees or legatees, not belonging to the exempt classes specified in section first, is the basis of the tax rather than the legacies themselves.   (*In re Miller,* 5 Dem. 132; 45 Hun, 244; *In re Smith,* 5 Dem. 90.)

*Jared T. Newman,* for respondents.   Chapter 483 of the Laws of 1885 did not take effect until twenty days after its final passage.   (R. S., part 1, chap. 8, tit. 4, § 12; *Wheeler* v. *Chubbuck,* 16 Ill. 361; *Board of Supervisors* v. *Keady,* 34 Ill. 293; *Latless* v. *Holmes,* 4 T. R. 660; *Rice* v. *Ruddiman,* 10 Mich. 125; *People* v. *Johnson,* 6 Cal. 673; *Charles* v. *Lamberson,* 1 Clarke, 435; *Krom* v. *Levy,* 60 N. Y. 126;

Cooley on Const. Lim. 74; *Wash. Cem.* v. *P.*, *P. & C. I. R. R. Co.*, 68 N. Y. 591, 594; *Sharp* v. *Speir*, 4 Hill, 76; *McManus* v. *Gavin*, 77 N. Y. 36.) Since the act did not take effect until June 30, 1885, it is not applicable to the estate of Mary Howe, who died June 16, 1865. (*In re Cogswell*, 4 Dem. 248.) The legacy given to Myra Taylor, being valued at a sum less than $500, is not subject to the tax. (*In re Smith*, 5 Dem. 90; *In re McCready*, 10 N. Y. 696; *In re Miller*, 5 Dem. 132.)

DANFORTH, J. The record shows that Mary Howe died on the 16th of June, 1885, leaving property of more than $20,000 in value and a will by which she devised it in different proportions to various persons, giving, among others, to Myra Taylor a legacy of less than $500. So far as is material to this appeal two questions were presented to the surrogate : 1st. Whether any of the property which passed by the will was subject to the tax imposed by the "act to tax gifts, legacies and collateral inheritances in certain cases?" (Chap. 483, Laws of 1885.) 2d. And, if any, whether the legacy to Myra Taylor was liable to taxation under that act? The surrogate answered both questions in the affirmative. Upon appeal the General Term were of a different opinion upon the first point, and found it unnecessary to pass upon the other. The act was passed June 10, 1885, and declared that "after the passage of this act, all property which shall pass by will," etc., to any person, etc., other than the father or certain other excepted persons, "shall be subject to a tax of five dollars of every hundred dollars of the clear market-value of such property, provided that an estate which may be valued at a less sum than five hundred dollars shall not be subject to such duty or tax." In the absence of any other provision this act would have taken effect from its date, that being the time when according to the certificate of the secretary of state, the bill became a law (1 R. S., p. 157, tit. 4, pt. 1, chap. 7, § 11); but the words "after the passage of this act," are no more significant than the word "hereafter," and the general provision

Opinion of the Court, per DANFORTH, J.

of the Revised Statutes (id. § 12), "of the enactment and promulgation of statutes and of the time from which they take effect," declares that, "every law unless a different time shall be prescribed therein, shall commence and take effect, throughout the state, on and not before the twentieth day after the day of its final passage, as certified by the secretary of state."

The provisions of this section apply to the statute in question. It follows that as the act itself could not take effect within twenty days after its passage, or until the thirtieth day of June, the clause relied upon by the appellant was necessarily inoperative until that time. It commenced, therefore, on the twentieth day after its passage, and as the property in question passed by the will before that day, no tax was payable upon it.

The remaining inquiry is as to its meaning as respects tne $500 limitation. We think that applies to the portion of property passing to the legatee or devisee, and not to the whole estate left by the testatrix. The tax is not imposed upon the estate of which she was seized or possessed, but only upon so much of it as passes to certain persons, not all persons or any person; and although the executor is required to pay the tax, he is to deduct it from the particular legacy, and cannot "deliver or be compelled to deliver any specific legacy or property subject to tax to any person until he shall have collected the tax thereon." (§ 6.) There are many other provisions of the act requiring the same construction, all tending to show that in the matter of taxation it is simply the "estate" or share of the beneficiary acquired through the will or the statute of distributions, which is to be valued and the duty estimated according to its value.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.