LEWIS and BRADLEY, JJ., concurred; DWIGHT, P. J., not voting.

Judgment and order affirmed.

---

In the Matter of the Estate of SAMUEL HALL, Deceased.

THE COUNTY TREASURER OF NIAGARA COUNTY, Appellant; THOMAS SCOVELL, as Administrator, etc., of SAMUEL HALL, Deceased, Respondent.

*Transfer tax — imposed upon the aggregate estate and not upon the shares into which it may be divided.*

The transfer tax, created by chapter 399 of the Laws of 1892, is imposed by the terms of the act upon the aggregate of the property which descends from the decedent and not upon the separate parcels or shares into which it may be divided.

A share less in amount than $500 is taxable under the act, if all property of the deceased was of the value of $500 or over.

APPEAL by the County Treasurer of Niagara county from an order of the surrogate of Niagara county, entered in said court on the 26th day of November, 1894, fixing the tax due on the property of Samuel

Hall, deceased, and exempting the shares of certain nephews and nieces of the deceased from taxation under an act entitled "An act in relation to taxable transfers of property," being chapter 399 of the Laws of 1892.

*Emmet R. Olcott,* for the appellant.

*Charles Hickey,* for the respondent.

WARD, J.:

Samuel Hall, of Niagara county, died on the 27th day of October, 1892, intestate. In December following letters of administration were issued on his estate by the Surrogate's Court of that county, which estate of real and personal property amounted to about $4,400. The estate devolved upon a brother and niece of the deceased, each having a share exceeding $500, and upon John Hall and six other collateral relatives, each of whom was entitled to a share of $211.32. Proceedings were taken before the surrogate to determine the amount of the collateral inheritance tax to be paid by the several beneficiaries of this estate. The surrogate decided that these shares of $211.32, being less than $500, were not taxable, and that the aggregate of those shares exceeding $500 could not be taxed under chapter 399 of the Laws of 1892, and the sole question here for review is whether he was right in that conclusion.

The Legislature, by chapter 483 of the Laws of 1885, imposed a tax of five dollars on every hundred dollars on " all property which shall pass by will, or by the intestate laws of this State " of residents of the State, or which should be within the State, to collateral relatives, with a proviso that an " estate which may be valued at a less sum than five hundred dollars," should not be subject to the tax.

This statute was repealed by chapter 713 of the Laws of 1887, but the features of the act of 1885, above stated, were retained.

And, by chapter 215 of the Laws of 1891, an important amendment was made to the act of 1887, to the effect that a tax should be imposed upon the " beneficial interest to any personal property " that should " pass " to or for the use of any father, mother, husband, wife, child, etc., of a dollar on a hundred dollars on an estate that should be valued at $10,000, or over.

The question arose under the act of 1885, whether the five per

FIFTH DEPARTMENT, JUNE TERM, 1895.          [Vol. 88.

cent tax should be imposed upon the aggregate of the property of the deceased that went to the collateral beneficiaries, or the property that went to each beneficiary.

The Court of Appeals, in *The Matter of Cager* (111 N. Y. 343), decided in 1888, and in *The Matter of the Estate of Howe* (112 id. 100), decided in January following, held that the tax was not imposed upon the aggregate, but upon the specific shares that went to each claimant, so that a share less than $500 was exempt.

This was the state of the law when the Legislature enacted chapter 399 of the Laws of 1892, entitled " An act in relation to taxable transfers of property," and which was intended as a revision of all the laws upon the subject, and which repealed them all. Section 1 provides that " a tax shall be, and is hereby imposed upon the *transfer* of any *property*, real or personal, of the value of five hundred dollars or over " — whether by will or intestate laws of a person dying in this State, or owning property within this State not exempt, etc.— and the tax should be five per cent of the value of such property.

The 2d section provides that when the " property " passed by any such transfer to the father, mother, husband, wife, child, brother, etc., of the deceased, " *such transfer of property* " should not be taxable " unless it is personal property of the value of ten thousand dollars or more," in which case it should be taxable at the rate of one per cent of the value of the property.

Section 3 provides that all taxes imposed by that act should be due and payable at the time of the " transfer," except in certain contingencies.

Section 22, which is entitled a section of " definitions," provides that " the words ' estate ' and ' property,' as used in this act, shall be taken to mean the property or interest therein of the testator, intestate, grantor, bargainor or vendor, passing or transferred to those not herein specifically exempted from the provisions of this act, and *not* as the property or interest therein, passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees or vendees, and shall include all property or interest therein, whether situate within or without this State over which this State has any jurisdiction for the purpose of taxation. The word ' transfer ' as used in this act shall be taken to include the passing of property or

any interest therein in possession or enjoyment, present or future, by inheritance, descent, devise, bequest, grant, deed, bargain, sale or gift in the manner herein prescribed."

It is not assuming too much to say that the Legislature in making the revision of these statutes, and in adding important provisions in such revision, had in view the decision of the Court of Appeals and the doubts and controversies which led up to those decisions, and determined to define the law clearly upon the subject.

In none of the previous acts had the Legislature undertaken to define the terms it had used, but by the section last quoted, and the whole revised act taken together, it seems to us that the judgment of the Legislature is made clear; that its intention was to make the aggregate of the property that was transferred to the collateral relatives the test in determining the question of exemption. It is the "transfer" that is taxed and not the "estate" of the beneficiaries respectively. It is the property as a whole as it descends from the decedent, and not the separate parcels into which it may be divided.

This view is in harmony with the evident policy of the law that all the property of the decedent shall be subject to the tax except in small estates of less than $500.

In *The Matter of Hoffman* (143 N. Y. 327) the Court of Appeals considered the question whether in the case of an estate in which there was a fund of $50,000 of personal property that had been bequeathed to several legatees, and where the amount received by one was only $9,385, the tax of one per cent was collectible from the whole fund or upon the separate portions. It held that the aggregate of the fund was the basis upon which to determine the tax and not the separate bequests, and, therefore, the legatee who received less than $10,000 was liable to be taxed for the amount he received.

The learned court in that case makes reference to other provisions of the statute and to the conclusions that the court had reached prior to the act of 1892 with reference to this subject; but the only question *decided* in that case is as above stated, and we must regard it as an authority for the position that we here assume, for certainly the same purpose is manifest in the act of 1892, to tax the aggregate of the property transferred by the deceased whether the tax falls under the one per cent provision or under the five per cent.

We are unable, therefore, to concur with the learned surrogate, and the order appealed from should be reversed, but without costs, and proceedings remitted to the Surrogate of Niagara county.

LEWIS and BRADLEY, JJ., concurred.

Order reversed and proceedings remitted to Surrogate of Niagara county to proceed thereon.