DANIEL H. KOCHERSPERGER, County Treasurer,

*v.*

JOSEPHINE C. DRAKE *et al.*

*Filed at Springfield May 11, 1897—Rehearing denied June 16, 1897.*

1. INHERITANCE—*laws governing descent and devise of property in Illinois are wholly statutory.* The laws of this State governing the descent and devise of property are wholly statutory, as none of the common law provisions relating thereto are now in force in Illinois.

2. SAME—*laws of descent and devise may be changed by legislature at discretion.* The laws of descent and devise in Illinois, being wholly statutory, may be changed by the legislature at discretion, and conditions or burdens may be imposed upon the right of succession to the ownership of property through the operation of such laws.

3. REVENUE—*tax imposed by act of 1895 is a tax upon the right of succession.* The amount reserved to the State under the provisions of the act of 1895 to tax gifts, legacies and inheritances in certain cases, (Laws of 1895, p. 301,) is not a tax upon the estate itself, but upon the right of succession thereto.

4. SAME—*for revenue purposes legislature may divide rights of succession into classes.* For purposes of revenue the legislature may divide the rights of succession to the ownership of property into classes, based on the relationship of the parties and the value of their respective gifts, legacies or inheritances, and a tax which affects alike all property in a specified class is uniform as to that class.

5. CONSTITUTIONAL LAW—*act of 1895, to tax gifts, legacies and inheritances, is constitutional.* The act of 1895, to tax gifts, legacies and inheritances in certain cases, (Laws of 1895, p. 301,) is constitutional, and is not violative of the constitutional provision requiring every person to pay a tax in proportion to the value of his property, nor inconsistent with the principle that taxation laws must be uniform as to the class on which they operate.

CRAIG, J., dissenting.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

On November 12, 1895, John B. Drake, a resident of Cook county, Illinois, died, leaving a last will and testament, in and by which Josephine C. Drake, Timothy B. Blackstone and the Illinois Trust and Savings Bank were appointed his executors and trustees. Under the provi-

sions of the will, property in excess of $20,000 passed to Josephine C. Drake, widow of John B. Drake; $5000 each passed to Fannie D. English, Mrs. Sallie Sausser and Ella Drake, nieces of the said John B. Drake; $1000 each passed to Samuel W. Parker and Henry Morgan; and $500 each passed to John Gabriel and Bridget Hughes, strangers to the blood and in nowise related to the said John B. Drake.    Property in excess of $2,000,000 passed to the said executors, to be held in trust for the use and benefit of the wife and children of the said John B. Drake.    A petition was filed by the county treasurer of Cook county, in the county court of Cook county, asking for the appointment of an appraiser to appraise said estate, under "An act to tax gifts, legacies and inheritances in certain cases, and to provide for the collection of the same," approved June 15, 1895, in force July 1, 1895.    To the petition in this case a demurrer was interposed on the part of the executors and trustees, which was sustained by the court, and the petition dismissed and a judgment entered for costs.    The judgment of the court was that the act was unconstitutional.

FRANK L. SHEPARD, Ass't County Attorney, (ROBERT S. ILES, County Attorney, of counsel,) for appellant:

The right to take by will or from an intestate is a mere privilege conferred by statutory law, and is not a natural right.    And this privilege can be enlarged, restricted or taken away altogether.    Blackstone's Com. book 2, p. 11; *Strode* v. *Commonwealth,* 52 Pa. 182; *Eyre* v. *Jacob,* 14 Gratt. 430; *Minot* v. *Winthrop,* 162 Mass. 119.

A law such as the one under consideration cannot be denominated as a property tax, but is an excise, duty or assessment imposed by the legislature upon the privilege of taking or receiving property left by a decedent.    *Eyre* v. *Jacob,* 14 Gratt. 430; *Scholew* v. *Rew,* 23 Wall. 331; *Major* v. *Grima,* 8 How. 490; *State* v. *Hamlin,* 86 Me. 495; *Minot* v. *Winthrop,* 162 Mass. 119; *Strode* v. *Commonwealth,* 52 Pa. 182;

*Tyson* v. *State,* 29 Md. 577; *State* v. *Dalrymple,* 70 id. 294; Dos Passos on Inheritance Tax Law, sec. 8, p. 31.

The inheritance tax, being a duty on a right or privilege of succession, is not a tax on property under the provisions of the State and Federal constitutions, and being a mere exercise of the power which every State possesses of regulating the manner and terms upon which property may be transmitted, and imposing a duty thereon, is not in conflict with article 14 of the constitution of the United States.   Dos Passos on Inheritance Tax Law, 31; *Major* v. *Grima,* 8 How. 490.

The State, in the absence of constitutional prohibition, has unlimited powers in the matter of taxation. *Eurigh* v. *People,* 79 Ill. 214; *Braun* v. *Chicago,* 110 id. 194; Cooley's Const. Lim. 479.

The State has the power to tax a privilege, such as the devolution of property, this right being based upon the constitutional power of the State to modify, amend or annul altogether the laws providing for the transmission of property.   Dos Passos on Inheritance Tax Law, 31; *Eyre* v. *Jacob,* 14 Gratt. 427; *Strode* v. *Commonwealth,* 52 Pa. 182; *DuPage County* v. *Jenks,* 65 Ill. 277.

PRUSSING & McCULLOCH, for appellees:

The tax levied by this act is a tax by valuation, and is void because it is not levied so that every person and corporation shall pay a tax in proportion to the value of his, her or its property.   Const. 1870, art. 9, sec. 1.

The graduation of the tax upon members of the third class fixed by the law is contrary to our constitution. *State* v. *Gorman,* 40 Minn. 232; *Curry* v. *Spencer,* 61 N. H. 625; *State* v. *Mann,* 76 Wis. 469; *State* v. *Ferris,* 53 Ohio St. 314.

The legislature of this State has no power, under the present constitution, to exempt or release any property from its equal and proportionate share of taxes, except as provided in section 3 of article 9 of the constitution of 1870.   *Loan Ass.* v. *Keith,* 153 Ill. 609.

Any rule established which will subject one credit to taxation and relieve the other will violate that rule of uniformity in taxation required by section 1 of artice 9 of the constitution. *Jack* v. *Weiennett,* 115 Ill. 105; *Hayward* v. *People,* 148 id. 55.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The question presented by this appeal involves the constitutionality of the act entitled "An act to tax gifts, legacies and inheritances in certain cases, and to provide for the collection of the same," approved June 15, 1895.

The existence of the common law within the State of Illinois results from the provisions of chapter 28 of the Revised Statutes, which declare that the common law of England, and all statutes of a general nature made prior to the fourth year of James I, shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority. By that authority chapter 39 of the Revised Statutes, entitled "An act in regard to the descent of property," and chapter 148, entitled "An act in regard to wills," were enacted, which in effect repeal the common law in reference to inheritance, and also repeal the statute enacted prior to the fourth year of James I in reference to devises. There is not in force in this State under chapter 28 any law providing for the descent or devise of property. The laws of descent and the right to devise and take under a will within the State of Illinois owe their existence to the statute law of the State. The right to inherit and the right to devise being dependent on legislative acts, there is nothing in the constitution of this State which prohibits a change of the law with reference to those subjects at the discretion of the law-making power. The laws of descent and devise being the creation of the statute law, the power which creates may regulate and may impose conditions or burdens on a right of succession to the ownership of prop-

erty to which there has ceased to be an owner because of death, and the ownership of which the State then provides for by the law of descent or devise. The imposition of such a condition or burden is not a tax upon the property itself, but on the right of succession thereto. To deny the right of the State to impose such a burden or condition is to deny the right of the State to regulate the administration of a decedent's estate. When, by the act of June 15, 1895, for the taxation of gifts, legacies and inheritances in certain cases, the legislature prescribed that a certain part of the estate of the deceased person should be paid to the treasurer of the proper county for the use of the State, it was in effect an assertion of sovereignty in the estate of deceased persons. Whether to be levied and determined as a tax or penalty, the principle is, that where one owning an estate dies, that estate is to be assessed in accordance with the provisions of the act and the tax to be paid for the right of inheritance. The amount reserved to the State from the estate of a deceased owner is not a tax on the estate, but on the right of succession.

By the provisions of the constitution of 1870 (art. 9, sec. 1,) it is provided: "The General Assembly shall provide such revenues as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property, such value to be ascertained by some person or persons to be elected or appointed in such manner as the General Assembly shall direct, and not otherwise; but the General Assembly shall have power to tax peddlers, auctioneers, brokers, hawkers, merchants, commission merchants, showmen, jugglers, inn-keepers, grocery keepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, vendors of patents, and persons or corporations owning or using franchises and privileges, in such manner as it shall from time to time direct by general law, uniform as to the

class upon which it operates." And section 2 provides: "The specification of the objects and subjects of taxation shall not deprive the General Assembly of the power to require other subjects or objects to be taxed in such manner as may be consistent with the principles of taxation fixed in this constitution."

Under these provisions of the constitution it is insisted that the levy of the succession tax which is required to be made by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property, and that such law shall be uniform as to the class upon which it operates, is defeated by the provisions of the statute above quoted. That statute provides certain classes of property which were a part of an estate shall be exempt from taxation under these provisions, and when the legislature provides other classes of property, some of which shall pay one dollar per hundred, others two, others three and others four, and still others five, and again others six dollars per hundred, six different classes are created, under and by which a tax is levied by valuation on the right of succession to a separate class of property. The class on which a tax is thus levied is general and uniform, and pertains to all species of property included within that class. A tax which affects the property within a specific class is uniform as to that class, and there is no provision of the constitution which precludes legislative action from assessing a tax on that particular class. By this act of the legislature six classes of property are created heretofore absolutely unknown. It is those classes of property depending upon the estate owned by one dying possessed thereof which the State may regulate as to its descent and the right to devise. The tax assessed on classes thus created is absolutely uniform on the classes upon which it operates, and under the provisions of the statute is to be determined by valuation, so that every person and corporation shall pay a tax in proportion to the value

of his, her or its property inherited, and is not inconsistent with the principle of taxation fixed by the constitution, and is clearly within the sections of the constitution quoted. No want of uniformity with one living who owns property can be urged as a reason why the statute makes an inconsistent rule. No person inherits property or can take by devise except by the statute, and the State, having power to regulate this question, may create classes and provide for uniformity with reference to classes which were before unknown. Laws of this character have been sustained in Pennsylvania, New York, Maryland, Virginia, North Carolina and other States. They have been held invalid in New Hampshire and Ohio and some other States. We are not disposed to enter into an analysis of these cases and a consideration of the principles on which they have been decided. The broad principle presented is, that the legislature may create new classes of property with reference to estates, under which they may regulate the right to inherit or devise and take under devise, and such right existing, such classes may be created, and as created may be uniform, and the assessment by valuation, when declared to operate equally on the right of succession to such classes, is not a violation of the provisions of the sections of article 9 of the constitution of the State of Illinois.

We hold the act entitled "An act to tax gifts, legacies and inheritances in certain cases, and to provide for the collection of the same," approved June 15, 1895, to be consistent with the constitution of the State of Illinois.

The county court erred in sustaining a demurrer to the petition, and its judgment is reversed and the cause remanded, with directions to appoint an appraiser to appraise the estate and assess a tax under that statute.

*Reversed and remanded.*

Mr. JUSTICE CRAIG, dissenting.