In the Matter of the Estate of Thomas H. McGhee, Deceased, Nath. French, Administrator, Appellant, v. The State of Iowa.

Collateral Inheritance Tax. The collateral inheritance tax law (Acts Twenty-sixth General Assembly, chapter 28, section 1) provides that all property in the state which shall pass to any person other than persons exempted, shall be subject to a tax of five per cent. of its value above the sum of one thousand dollars. Other parts of the act provide that the tax is only payable on account of the property of an estate in excess of one thousand dollars, which remains "after the payment of all its debts." *Held,* that the word "person," in section 1, though importing the singular, should be extended to include the plural; that the debts referred to are the debts of the estate and not of the collateral heirs; and that therefore the one thousand dollars exemption should be taken from the aggregate amount of the property which remained after the payment of the debts of the estate, and not from the share of each heir.

Appraisement. Acts Twenty-sixth General Assembly, chapter 28, section 1, relating to the collateral inheritance tax, provides that

it shall be assessable on the "value" of the estate over and above one thousand dollars. In subsequent sections, terms relating to the assignment are used, such as follows: "appraised value," "actual market value," and "value" without qualification. *Held*, that the assessment should be made upon the fair market value, and not the assessed value of the property fixed for the purposes of ordinary taxation.

SAME. Where the state is not a party to the appraisement of an estate for the assessment of a collateral inheritance tax due to it, and had no notice thereof when made, the district court may order a second appraisement on the state's application, alleging an unfair appraisement.

WATERMAN, J., took no part.

*Appeal from Scott District Court.*—HON. P. B. WOLFE, Judge.

WEDNESDAY, APRIL 6, 1898.

PROCEEDINGS in probate for the purpose of ascertaining the amount of a collateral inheritance tax. The district court approved an appraisement of property of the decedent, and directed the payment of the amount of inheritance tax fixed in the report of the appraisers. The administrator of the estate appeals.—*Affirmed.*

*Nath. French* for appellant.

*Milton Remley,* Attorney General, for the State.

ROBINSON J.—This proceeding arises under chapter 28 of the Acts of the Twenty-Sixth General Assembly, entitled "An act imposing a collateral inheritance tax and providing for the collection of the same." The material facts involved are as follows: In August, 1896, Thomas H. McGhee, a non-resident of this state, died intestate. Neither wife, parent, nor any lineal descendant, adopted child, nor lineal descendant of an adopted child, survived him, and his only heirs are twenty-five children and grandchildren of his four

deceased sisters.  He left both real and personal prop-
erty in this state, and on the last day of August, 1896,
Nath. French was appointed administrator of his prop-
erty within this state.  In March, 1897, the adminis-
trator commenced this proceeding, in which he asked
for the appointment of three appraisers to value and
appraise the property of the decedent within this state,
for the purpose of ascertaining the amount of inher-
itance tax due on the property.    Appraisers were
accordingly appointed, who thereafter filed a report
which contained a list of the property which belonged
to the estate and fixed its "assessed value" at twenty-
two thousand, five hundred and thirty-five dollars, and
stated that the appraisers were uncertain whether each
heir was entitled to an exemption of one thousand dol-
lars, or whether that exemption was only from the total
assessed value.  The court approved the appraisement,
and found that each heir was entitled to an exemption
of one thousand dollars, and thereupon ordered that
the administrator pay the collateral tax on the amount
of the shares of each heir in excess of one thousand
dollars.    Thereafter the state filed an application to
have the appraisement and order of the court based
thereon set aside, and as grounds therefor stated that
the proceedings had been without notice to the state,
and that it had not had an opportunity to appear at
the time the order of the court was made, that the
appraisement was much below the actual value of the
property, and that the court erred in computing the
tax due from the estate, to the prejudice of the state.
The application of the state was sustained, and the
appraisers were directed to appraise all the property of
the estate at a fair market value; and it was also
ordered that from the valuation thus ascertained the
debts, costs, and the expenses of the administration,
and the sum of one thousand dollars, exempt by statute,

be deducted, and that the remainder be assessed with the collateral inheritance tax. A new appraisement was made as directed, and the property was appraised at the sum of sixty-two thousand, five hundred and eighty dollars. After deducting the expense of administration, and one thousand dollars in addition, fifty-eight thousand dollars, subject to the statutory tax, were found to remain. The valuation and report of the appraisers were approved, and the payment of the inheritance tax on the amount last named was directed. The administrator appeals from the order setting aside the first appraisement, and directing a new one, and from the approval of the second appraisement, and second order directing the payment of the tax.

I. Section 1 of the act of the general assembly to which we have referred is as follows. "All property within the jurisdiction of the state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the intestate laws of this or any other state, or by deed, grant, sale, or gift made or intended to take effect in possession or in enjoyment after death of the grantor, or donor, to any person in trust or otherwise, other than to or for the use of the father, mother, husband, wife, lineal descendant, adopted child, the lineal descendant of an adopted child of a descendant, or to or for charitable, educational, or religious societies or institutions within this state, shall be subject to a tax of five per centum of its value, above the sum of one thousand dollars, after the payment of all debts, for the use of the state; and all administrators, executors, and trustees, and such grantee under a conveyance, and any such donee under a gift, made during the grantor's or donor's life, shall be respectively liable for all such taxes to be paid by them respectively, except as

herein otherwise provided, with lawful interest as here-
inafter set forth, until the same shall have been paid.
The tax aforesaid shall be and remain a lien on such
estate from the death of the decedent until paid." It is
contended by the appellant, and conceded by the state,
that the tax for which this statute provides is not a tax
upon property, as that phrase is ordinarily understood,
but a tax upon the succession,—upon the privilege of
succeeding to the estate of the decedent,—and for the
purposes of this case that will be assumed to
be true. We next inquire whether, in ascertain-
ing the amount of property subject to tax, the
one thousand dollars exempt therefrom is to be
deducted only from the aggregate amount of the prop-
erty which remains after the payment of debts of the
estate, or whether only so much of the share of each heir
as exceeds the sum of one thousand dollars is subject to
the tax. The appellant contends for the latter interpre-
tation, and urges that the other was not intended by
the general asssembly, and would be unreasonable and
unfair in its practical effects. The language, "All prop-
erty within the jurisdiction of this state   *   *   *
which shall pass   *   *   *   to any person   *   *   *
[other than the person exempted] shall be subject to a
tax of five per centum of its value, above the sum of one
thousand dollars," taken alone, would tend to support
the interpretation for which the appellant contends,
but, to ascertain the legislative intent, all relevant
parts of the act must be considered. It is the rule
that "words importing the singular number may be
extended to include several persons or things." Code
1873, section 45, subdivision 3. Hence the statutory
phrase "to any person" does not necessarily mean one
person only, but will include more than one, when that
is required to give the statute the effect it was intended
to have. The administrator, executor, or trustee

charged with the duty of settling the estate is liable for
the payment of the tax, excepting that in some cases he
is required to collect the tax from the person who is to
receive the property, and to do certain things provided
by statute to secure a lien for the tax upon property
subject to it.   But the tax is only payable on account
of the property of an estate in excess of one thousand
dollars which remains "after the payment of all its
debts."   To whose debts does the statute refer?   The
officer charged with the duty of settling the estate can-
not have official knowledge of the debts of the collateral
heir or other person to whom the property is to go, and
there does not appear to be any good reason for grant-
ing to such a person, because he is in debt, an exemp-
tion, at the expense of the state, which is not granted to
a person of the same class who is not in debt.   It is evi-
dent that the debts to be paid are those which are claims
against the estate of decedent, and we are of the opinion
that both of the phrases, "above the sum of one thou-
sand dollars" and "after the payment of all debts,"
have direct relation to the estate of the decedent.   The
legislative intent as to this may be expressed thus:
"All property within the jurisdiction of this state,
which shall pass by will or the intestate laws of this
or any other state, or by deed, grant, sale or gift made,
*   *   *" other than to or for the use of the persons
specified, "shall be subject to a tax of five per centum of
its value above the sum of one thousand dollars, after
the payment of all its debts, for the use of the state."
Other portions of the act tend to justify the interpreta-
tion we adopt, and we do not doubt that it expresses the
legislative intent.   It will, as nearly as is practicable,
operate uniformly, where the conditions are the same,
and thus produce equality in results.   The case of *In re
Howe,* 112 N. Y. 100 (19 N. E. Rep. 513), is relied upon
in support of the interpretation for which the appellant

contends.  But we must decline to follow that case, so far as it can be regarded as applicable to the statute under consideration.

II.   The appraisement which was set aside appears to have been according to the assessed value of the property fixed for the purposes of ordinary taxation, while the second assessment represented its fair market value.  It is claimed that the value contemplated by section 1 is not the fair market value, but the value assessed for the levying of ordinary taxes; and attention is called to the fact that the word "value," without qualification, is used in section 1, while the words "appraised value" are used in section 3, the "actual market value" is specified in section 4 and 5, and the word "value," without qualification, is also used in section 5.  There is nothing in any part of the act to indicate that the general assembly intended to have the value of the property, as fixed by assessors and equalizing boards, considered for any purpose.  The appraisement is to be made by appraisers, and is subject to the approval of the court.  When the word "value" is applied to property, and no qualification is expressed or implied, it means the price which the property will command in the market.  28 Am. & Eng. Enc. Law, 46.  See, also, *Pool v. Hennessy*, 39 Iowa, 192.  We are of the opinion that the different words used in the statute to designate the value of the property are intended to express substantially the same meaning, and that the value fixed should in all cases be the fair market value.

III.   It is claimed the district court did not have power to order a second appraisement.  The state was not a party to the first appraisement, and its interest in the proceedings was such that it was within the power of the court, on the application of the state, and a showing of error in the proceedings theretofore had, to correct the error by means of a new appraisement.  We do not find any error in

the proceedings of the district court of which the appellant can complain and its judgment is AFFIRMED.

WATERMAN, J., takes no part.