JOHN DE GREY DIXON, as Treasurer of the State of Utah, Relator and Respondent, v. ARNOTT C. RICKETTS, as Executor of the Last Will and Testament of JAMES M. RICKETTS, Deceased, Respondent and Appellant.

26   215
26   349

No. 1420.   (72 Pac. 947.)

1. **Taxation:  Inheritance Tax.**

Laws 1901, page 61, chapter 62, entitled "An act to tax gifts, legacies, and inheritances in certain cases, and provide for the collection thereof," provides (section 1) : "All property in Excess of Ten Thousand Dollars Subject to Inheritance Tax.—All property within the jurisdiction of this State and any interest therein, . . . which shall pass by will or by the statutes of inheritance . . . to any person in trust or otherwise, shall be subject to a tax of five per centum of its value above the

sum of ten thousand dollars, after the payment of all debts, . . ." and that "the tax aforesaid shall be and remain a lien on the estate from the death of the decedent until paid." Section 13, page 64, provides that "no final settlement of the account of any executor . . . shall be accepted or allowed unless it shall show and the court shall find, that all taxes imposed by the provisions of this act upon any property or interest therein belonging to the estate to be paid by such executors, . . . and to be settled by said account, shall have been paid. . . ." *Held,* a tax imposed on the right of devolution and succession, and that the title does not indicate that the tax is imposed only on the separate portions of the decedent's estate, exceeding $10,000, transmitted by gift, legacy, or inheritance.

2. **Same: Construction.**
   It is a general, though not binding, rule of statutory construction, that where the provisions of a statute have received judicial construction in one State, and it is then adopted in another State, it is adopted with the construction so given it.

3. **Same: Constitutionality.**
   The act is not in conflict with the constitutional provision requiring uniformity and equality of taxation.

(Decided June 30, 1903.)

Appeal from the Third District Court, Salt Lake County.—*Hon. W. C. Hall,* Judge.

Action to collect an inheritance tax on the estate of James M. Ricketts, deceased, under and by virtue of chapter 62, Laws 1901. From a judgment in favor of the relator, the respondent appealed.

AFFIRMED.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the relator and respondent.

*Lowe A. Ricketts, Esq.,* for the respondent and appellant.

STATEMENT OF FACTS.

This action was brought to collect an inheritance tax on the estate of James M. Ricketts, deceased, under and by virtue of chapter 62, p. 61, Laws 1901, entitled "An act to tax gifts, legacies and inheritances in certain cases, and provide for the collection thereof." It is alleged in the complaint that the estate is of the value, after deducting the debts, of $25,877.68; that there are three legatees named in decedent's will, each of whom, under the terms of the will, is entitled to a legacy of $8,625.89. The defendant demurred to the complaint on two grounds: (1) That it does not show that any legatee will receive under the terms of the will the sum of $10,000; (2) because the law under which the tax is claimed is unconstitutional. In section 1 of said act it is provided that: "All property in Excess of Ten Thousand Dollars Subject to Inheritance Tax.—All property within the jurisdiction of this State and any interest therein, whether belonging to the inhabitants of this State or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other State, or by deed, grant, sale or gift made or intended to take effect in possession or in enjoyment after the death of the grantor or donor, to any person in trust or otherwise, shall be subject to a tax of five per centum of its value above the sum of ten thousand dollars, after the payment of all debts. . . ."

BASKIN, C. J., after stating the facts, delivered the opinion of the court.

In support of the first ground of the demurrer, appellant's counsel contend that under said act the tax is imposed only on each legacy or inheritance which is of the value of $10,000 or more. It is important, as bearing upon both grounds of the demurrer, to determine whether the subject-matter of the tax imposed by said act is the property transmitted by will, etc., or the right of devolution and succession. Section

1 of the New York inheritance tax law of 1887 (Laws 1887, p. 921, c. 713) imposed a tax on all property transmitted by will, the intestate laws, or by deed, grant, sale, or gift, made or intended to take effect after the death of the grantor or bargainor, to any person or persons, or body politic or corporation, other than the father, etc., of the decedent. 2 Rev. St. N. Y. 1889, p. 1088. In the matter of the Estate of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709, it was held that the tax imposed by the inheritance tax law above referred to was not a property tax, but a tax on the right of succession under a will, or devolution in the case of intestacy. The same court so held In the matter of the Estate of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508, which arose under the inheritance tax law of 1896 (Laws 1896, p. 868, c. 908, art. 10), which retained the provisions of the law of 1887, before mentioned. St. N. Y. 1901, p. 3591. The same doctrine is held in the following cases: Strode v. Commonwealth, 52 Pa. 181; Eyre v. Jacob, 14 Grat. 422, 73 Am. Dec. 367; Peters v. City of Lynchburg, 76 Va. 927; State v. Alston, 94 Tenn. 674, 30 S. W. 750, 28 L. R. A. 178; Gelsthorpe v. Furnell, 20 Mont. 299, 51 Pac. 267, 39 L. R. A. 170; State v. Hamlin, 86 Me. 495, 30 Atl. 76, 25 L. R. A. 632, 41 Am. St. Rep. 569; Kochersperger v. Drake, 167 Ill. 122, 47 N. E. 321, 41 L. R. A. 446; Scholey v. Rew, 23 Wall. 331-347, 23 L. Ed. 99; Knowlton v. Moore, 178 U. S. 41-55, 56, 20 Sup. Ct. 747, 44 L. Ed. 969. The character of an inheritance tax is aptly stated by Mr. Justice Butler in Strode v. Commonwealth, 52 Pa. 182, as follows: "What is called a 'collateral inheritance tax' is a bonus exacted from the collateral kindred and others as the condition on which they may be admitted to take the estate left by a deceased relative or testator. The estate does not belong to them, except as a right to it is conferred by the State. Independently of government, no such right could exist. The death of the owner of property would necessarily terminate his control over it, and it would pass to the first who might obtain posses-

sion. The right of the owner to transfer it to another
after death, or of kindred to succeed, is the result of
municipal regulation, and must consequently be enjoyed
subject to such conditions as the State sees fit to impose.
See Black. Com. bk. 2, pp. 10, 11, 12, 13. . . . I re-
peat, therefore, as the right to take by succession and
testament is derived from the State, it must necessarily
be enjoyed subject to such conditions as the State may
impose. And if a condition be that the kindred or
legatees shall pay a bonus, this is not a tax or burthen
imposed on their property, or on the property of any-
body else. Is is simply the price of the privilege which
the State has conferred upon them.'' Also by Mr. Chief
Justice White in Knowlton v. Moore, supra, as follows:
''It is not necessary to review these cases, or state at
length the reasoning by which they are supported. They
are based on two principles: (1) An inheritance tax
is not one on property, but one on the succession. (2)
The right to take property by devise or descent is a
creature of the law, and not a natural right—a privilege,
and therefore the authority which confers it may im-
pose conditions upon it. From these principles it is
deduced that the States may tax the privilege, discrimi-
nate between relatives, and between these and strangers,
and grant exemptions, and are not precluded from this
power by the provisions of the respective State Consti-
tutions requiring uniformity and equality of taxation.
Thus, looking over the whole field, and considering death
duties in the order in which we have reviewed them
(that is, in the Roman and ancient law; in that of
modern France, Germany, and other continental coun-
tries; in England and those of her colonies where such
laws have been enacted; in the legislation of the United
States and the several States of the Union), the follow-
ing appears: Although different modes of assessing
such duties prevail, and although they have different
accidental names, such as probate duties, stamp duties,
taxes on the transaction, or the act of passing an estate
or a succession, legacy taxes, estates taxes or privilege

taxes, nevertheless tax laws of this nature in all countries rest in their essence upon the principle that death is the generating source from which the particular taxing power takes its being, and that it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested.'' Under the statutes of this State, all of the property of a decedent remaining after the payment of his debts, except when he leaves no heir, is transmitted to one successor or more; and as the act in question does not like many other statutes upon the subject, exclude from its operation the lineal descendants, and include only collateral heirs and strangers, but is general in its application, I think that it follows, in view of the foregoing decisions, that it was the intention of the Legislature that the tax authorized by said act should be imposed upon the right of devolution and succession in respect to the whole estate of the decedent above the value of $10,000, and the indebtedness of the estate, transmitted to successors, and not upon the property itself, or any distributive share thereof. That such was the intention of said act is apparent from the language used in section 1, for it is not conceivable how the payment of the debts, the amount of which and $10,000 fix the limit of the exemption from the tax, can apply to anything other than the whole of the decedent's estate, upon which the indebtedness is a charge.

Under the provisions of section 2731 of the Revised Statutes of 1898, both the real and personal estate of a decedent, except the homestead, and a limited amount of personal property which is by law exempted, is chargeable with the payment of all of the decedent's debts, so that all of his property, both real and personal, except such as is exempted, may be sold, when necessary to pay the debts of the estate; and before the amount of the indebtedness is ascertained, and the affairs of the estate settled, it cannot be known what, if anything, will be left for distribution among those entitled to share in the estate, and neither of them have a right to any dis-

tributive share either of the real or personal property until both the debts and tax are paid or provided for, and an order of distribution is made by the court. See sections 3951-3953, Rev. St. 1898, and section 13 of the act in question, the latter of which is hereinafter quoted. That such was the intention of said act is also shown by the provision of section 1 that "the tax aforesaid shall be and remain a lien on the estate from the death of the decedent until paid," and the provisions of section 13, which are that "no final settlement of the account of any executor, administrator or trustee shall be accepted or allowed unless it shall show, and the court shall find, that all taxes imposed by the provisions of this act upon any property or interest  therein belonging to the estate to be paid by such executors, administrators or trustees, and to be settled by said account, shall have been paid, and the receipt of the State Treasurer, for such tax shall be the proper voucher for such payment." Laws 1901, p. 64, c. 62. Section 1 of our statute is a transcript of section 1 of the Iowa statute (Acts 26th Gen. Assem., c. 28) on the subject. It is a general, though not binding, rule of statutory construction, that where the provisions of a statute have received a judicial construction in one State, and it is then adopted in another State, it is so adopted with the construction which has been given it. Shaw v. Hoffman, 25 Mich. 162; Endlich on Int. of Stat., sec. 371, and note. In Estate of McGhee v. State, 105 Iowa 9, 74 N. W. 695, it was held that "the word 'person,' in section 1, though importing the singular, should be extended to include the plural; that the debts referred to are the debts of the estate, and not of the collateral heirs; and that therefore the one thousand dollars exemption should be taken from the aggregate amount of the property which remained after the payment of the debts of the estate, and not from the share of each heir." And in the opinion it is said: "It is contended by the appellant, and conceded by the State, that the tax for which this statute provides is not a tax upon property, as that

phrase is ordinarily understood, but a tax upon the succession—upon the privilege of succeeding to the estate of the decedent—and for the purposes of this case that will be assumed to be true. . . . The tax is only payable on account of the property of an estate in excess of one thousand dollars which remains 'after the payment of all its debts.' To whose debts does the statute refer? The officer charged with the duty of settling the estate cannot have official knowledge of the debts of the collateral heir or other person to whom the property is to go, and there does not appear to be any good reason for granting to such a person, because he is in debt, an exemption, at the expense of the State, which is not granted to a person of the same class who is not in debt. It is evident that the debts to be paid are those which are claims against the estate of decedent, and we are of the opinion that both of the phrases, 'above the sum of one thousand dollars,' and 'after the payment of all debts,' have direct relation to the estate of the decedent. . . . The case of In re Howe, 112 N. Y. 100, 19 N. E. 513, 2 L. R. A. 825, is relied upon in support of the interpretation for which the appellant contends. But we must decline to follow that case, so far as it can be regarded as applicable to the statute under consideration.'' The appellant herein cites the last-mentioned case in support of his contention. In the case of Herriott v. Bacon, 110 Iowa 342, 81 N. W. 701, the decision In Re McGhee's Estate, 105 Iowa 9, 74 N. W. 695, was followed. In Howell's Estate, 147 Pa. 164, 23 Atl. 403, under a statute which imposed an inheritance tax upon all estates, personal and mixed, of every kind whatsoever, situate within the State, passing from any person by will, etc., other than to and for the use of the father, but exempted from the operation of the statute estates of less value than $250, the court held that ''the liability of the tax is to be ascertained not by the amount of the legacy, but by the clear value of the estate passing to persons or bodies corporate not exempt from taxation.'' The court, in the opinion, said:

"What, then, is intended by the use of the phrase 'all estates'? It is strongly urged that it meant legacies, and, of course, both pecuniary and specific, with annuities, and distributive shares in case of intestacy; and, if they be less than $250, they are exempt from the tax. But such has never been our understanding of the meaning of the act, and is contrary to the undisputed interpretation and uniform practice of this court since the passage of the Act of 1826, now more than sixty-five years. When the Legislature said 'all estates' shall be liable, it meant that which a person shall die seized or possessed of, and shall leave either by will or through intestacy, to be administered according to the laws of the commonwealth; in other words, his property, real or personal." And after citing Matter of Cager, 111 N. Y. 343, 18 N. E. 866, Matter of Howe, 112 N. Y. 100, 19 N. E. 513, 2 L. R. A. 825, Matter of Smith, 5 Dem. Sur. 90, Matter of Hopkins, 6 Dem. Sur. 1, and Matter of McCready, Id. 292, cited by appellant in support of his contention, the court further remarked: "However it may be in New York, we prefer to follow that which has been the settled construction of our statutes upon the subject. For the reasons given, the legacies to the charities, amounting in the aggregate to an estate exceeding $250, are chargeable with the tax." By reference to the statute of New York under which the decisions cited were made, it will be seen that its terms are different from the Iowa and Utah statutes. The terms "after payment of all debts" is not contained in the New York statute in force at the time said decisions were rendered. The statute under consideration in the case of Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969, cited by the appellant, is so radically different from the statute in question that that case does not support the contention of the appellant in the case at bar. Justices Harlan and McKenna, even under the provisions of the statute involved in that case, held, in a dissenting opinion, that the tax was "to be determined with reference to the whole amount of the personal

property out of which legacies and distributive shares arose." Nothing appears in the case at bar which makes it an exception to this general rule.

The title to the statute in question is as follows: "An Act to tax gifts, legacies, and inheritances in certain cases and provide for the collection of the tax." This title is substantially the same as the title to the statutes under consideration in the cases before referred to, which hold that the tax is imposed upon the right of devolution and succession, so that the title does not indicate, as claimed by appellant, that the tax is imposed only upon the separate portions of the decedent's estate, exceeding $10,000, transmitted by gift, legacy or inheritance.

This brings us to the question of the constitutionality of the statute. Statutes of the same import have existed so long, and have been so uniformly sustained, that their constitutionality is no longer an open question. Mr. Justice McKenna, in the opinion in Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037, said: "Legacy and inheritance taxes are not new in our laws. They have existed in Pennsylvania for over sixty years, and have been enacted in other States. They are not new in the laws of other countries. In State v. Alston, 94 Tenn. 674, 30 S. W. 750, 28 L. R. A. 178, Judge Wilkes gave a short history of them as follows: 'Such taxes were recognized by the Roman law. Gibbon's Decline and Fall of the Roman Empire, vol. 1, pp. 163, 164. They were adopted in England in 1780, and have been much extended since that date. Dowell's History of Taxation in England, 148; Acts 20 George III., c. 28; 45 George III., c. 28; 16 & 17 Victoria, c. 51; Green v. Croft, 2 H. Bl. 30; Hill v. Atkinson, 2 Meriv. 45. Such taxes are now in force generally in the countries of Europe. Review of Reviews, February, 1893. In the United States they were enacted in Pennsylvania in 1826; Maryland, 1844; Delaware, 1869; West Virginia, 1887; and still more

recently in Connecticut, New Jersey, Ohio; Maine, Massachusetts, in 1891; Tennessee, in 1891 (Ex. Sess. p. 50, c. 25, now repealed by chapter 174, p. 347, Acts 1893). They were adopted in North Carolina in 1846, but repealed in 1883; were enacted in Virginia in 1844, repealed in 1855, re-enacted in 1863, and repealed in 1884.' Other States have also enacted them—Minnesota, by constitutional provision. The constitutionality of the taxes has been declared, and the principles upon which they are based explained, in United States v. Perkins, 163 U. S. 625, 628, 16 Sup. Ct. 1073, 41 L. Ed. 287; Strode v. Commonwealth, 52 Pa. 181; Eyre v. Jacob, 14 Gratt. 422; Schoolfield v. Lynchburg, 78 Va. 366; State v. Dalrymple, 70 Md. 294, 17 Atl. 82, 3 L. R. A. 372; Clapp v. Mason, 94 U. S. 589, 24 L. Ed. 212; In re Merriam's Estate, 141 N. Y. 479, 36 N. E. 505; State v. Hamlin, 86 Me. 495; 25 L. R. A. 632; State v. Alston, 94 Tenn. 674; 28 L.R. A. 178; Re Wilmerding, 117 Cal. 281; Dos Passos, Collateral Inheritance Tax, 20; Minot v. Winthrop, 162 Mass. 113, 38 N. E. 512, 26 L. R. A. 259; Gelsthorpe v. Furnell, 20 Mont. 299, 51 Pac. 267, 39 L. R. A. 170. See, also, Scholey v. Rew, 23 Wall. 331, 23 L. Ed. 99. It is not necessary to review these cases, or state at length the reasoning by which they are supported. They are based on two principles: (1) An inheritance tax is not one on property, but one on the succession. (2) The right to take property by devise or descent is the creature of the law, and not a natural right—a privilege, and therefore the authority which confers it may impose conditions upon it. From these principles it is deduced that the States may tax the privilege, discriminate between relatives, and between these and strangers, and grant exemptions, and are not precluded from this power by the provisions of the respective State Constitutions requiring uniformity and equality of taxation." In addition to the cases cited by Mr. Justice McKenna in said case, see the following, to the same effect: Knowlton v. Moore, 178 U. S. 41,

26 Utah 15

20 Sup. Ct. 747, 44 L. Ed. 969; Kochersperger v. Drake, 167 Ill. 122, 47 N. E. 321, 41 L. R. A. 446; In re Inheritance Tax, 23 Colo. 492, 48 Pac. 535.

The trial court overruled the demurrer, whereupon, the defendant having elected to stand upon the demurrer, the court granted, in accordance with the prayer of the complaint, a peremptory writ of mandamus, directing the defendant, as executor of the last will and testament of James M. Ricketts, deceased, to pay to the plaintiff, as State Treasurer, the sum of $793.83, the tax sought to be collected. The demurrer was properly overruled, and the peremptory writ was properly issued.

The judgment is affirmed, with costs.

BARTCH, J., and MARIONEAUX, District Judge, concur.