(96 Misc. Rep. 399)

## In re HUNT'S ESTATE.

### (Surrogate's Court, New York County.   July 14, 1916.)

**1. TAXATION** ☞856—INHERITANCE TAX—STATUTES.

The taxation of the estate of a decedent is governed by the tax law in force at the time of decedent's death.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1673; Dec. Dig. ☞856.]

**2. TAXATION** ☞861—INHERITANCE TAX—STATUTES.

Where decedent died prior to the enactment of Laws 1897, c. 284, contingent remainders created by his will cannot be taxed at their full, undiminished value at the time they vest in possession; such act not being retroactive.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. ☞861.]

**3. TAXATION** ☞897—INHERITANCE TAX—VALUATION.

Where testator died prior to the enactment of Laws 1897, c. 284, the value of the residuary estate for transfer tax purposes is determined by deducting therefrom the value of annuities and life interests, subject to which the various remainders were bequeathed.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ☞897.]

**4. TAXATION** ☞873—ESTATES—INHERITANCE TAX—VALUATION.

In ascertaining the value of the estate of decedent for transfer tax, where decedent died in 1887, interests of legatees whose legacies are valued at less than $500 are not subject to transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1689; Dec. Dig. ☞873.]

Proceeding in the Surrogate's Court for the appraisement for taxation of a residuary estate of Samuel I. Hunt. From an order on the appraiser's report assessing a tax upon the interests of remaindermen, the trustees of the estate appeal. Reversed, and remitted for correction.

William W. Buckley, of New York City (Thomas A. S. Beattie, of New York City, of counsel), for executors and trustees.
William W. Wingate, of New York City, for state comptroller.

FOWLER, S.   The appraiser who was designated by this court to appraise that part of the residuary estate of the decedent which was suspended from taxation in the appraisal heretofore made reported the value of such residuary estate to be $226,806, and the order entered on his report assessed a tax upon the interests of the remaindermen in this residuary.   The trustee has appealed from the order and contends that the appraiser erred in failing to deduct from the value of the residuary estate the value of the annuities and life interests subject to which it was bequeathed.   He also contends that the order was incorrect in assessing a tax upon the interests of legatees whose legacies were less than $500 in value.

The decedent died on the 4th of December, 1887.   At the time of his death he had his domicile in New Jersey.   The transfer tax appraiser who was designated in 1889 to appraise his estate reported that

the value of the estate in this state was $238,373, and that of this amount a life interest in the sum of $11,567 was presently taxable. An order was entered assessing a tax upon the value of this life interest, but no tax was assessed upon the balance of the estate, amounting to $226,806, because it was not at that time ascertainable to whom the various remainders after the life estates were to be paid. The surviving life tenant having died in October, 1914, the executor and trustee filed a petition in this court for the appointment of an appraiser to ascertain the value of the property which is now subject to a transfer tax, and the appraiser reported that the full, undiminished value of the remainders, amounting to $226,806, was now taxable.

[1-3] The taxation of this estate is governed by the tax law in force at the date of decedent's death. Matter of Davis, 149 N. Y. 539, 44 N. E. 185. That law did not provide that contingent remainders should be taxed at their full, undiminished value when they vested in possession. Such a provision was first incorporated in the tax law by chapter 284 of the Laws of 1897, but as it was not retroactive it has no application to the matter under consideration. Matter of Meyer, 83 App. Div. 381, 82 N. Y. Supp. 329. At the date of decedent's death contingent remainders were not presently taxable (Matter of Roosevelt, 143 N. Y. 120, 38 N. E. 281, 25 L. R. A. 695), and taxation of such remainders was suspended until they vested in possession. The appraiser in this proceeding therefore erred in failing to deduct from the value of decedent's estate in this state subject to taxation the value of the annuities and life interests subject to which the various remainders were bequeathed and devised. It is the remainder after the deduction of such annuities and life interests which is taxable in this proceeding.

[4] The order fixing tax is also incorrect in assessing a tax upon the interests of legatees whose legacies are valued at less than $500. Under the law in force at the date of decedent's death such interests are not subject to taxation. Matter of Howe, 112 N. Y. 100, 19 N. E. 513, 2 L. R. A. 825; Matter of Westurn, 152 N. Y. 93, 46 N. E. 315.

The trustee also appeals from the order fixing tax upon the ground that the value of the estate as ascertained by the appraiser in the original proceeding consisted in part of stock of a foreign corporation. There is no proof of this allegation in the papers submitted in this proceeding, and in the absence of such evidence the appeal upon this point is dismissed.

The order fixing tax will be reversed and the appraiser's report remitted to him for correction as indicated.