## Howell's Estate. Philadelphia Protestant Episcopal City Mission's Appeal.

*Collateral inheritance tax—Act of May* 6, 1887.

Under the collateral inheritance tax Act of May 6, 1887, the liability to the tax is to be ascertained, not by the amount of the legacy, but by the clear value of the estate passing to persons or bodies corporate not exempt from taxation.

*Legacies of* $200 *each aggregating over* $250.

Testator bequeathed seven legacies of $200 each to seven charities. *Held,* that as the legacies amounted in the aggregate to an estate exceeding $250, each of the legacies was chargeable with the collateral inheritance tax.

Argued Jan. 15, 1892. Appeal, No. 42, Jan. T., 1891, by the Philadelphia Protestant Episcopal City Mission, from decree of O. C. Phila. Co., dismissing exceptions to adjudication. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM, MITCHELL and HEYDRICK, JJ.

At the audit of the account of the Fidelity Insurance Trust & Safe Deposit Co., executor of William Howell, deceased, the auditing judge awarded to the commonwealth the collateral inheritance tax on seven legacies of $200 each, bequeathed respectively to seven charitable institutions. Exceptions to the adjudication were dismissed by the court, HANNA, J., filing the following opinion:

" Testator bequeathed the bulk of his large estate, amounting to over $400,000, for the use of his wife and children. He also bequeathed other legacies and an annuity concededly, subject to the collateral tax, which has been paid; and in addition he gave to each of seven charitable institutions or societies the sum of $200, in the aggregate $1,400. The auditing judge directed the tax to be deducted from the legacies respectively, and awarded the amount, $70, to the commonwealth. On behalf of the charities an exception to the award has been filed. And it is contended that the legacies each being less than $250 are not liable for the tax. The question therefore is, whether these legacies are subject to the collateral inheritance tax imposed by the Act of May 6, 1887, Purd. 2148, pl. 1.

" Upon a reference to the act we find that ' all estates, real,

personal and mixed, of every kind whatsoever, situated within this state . . . . passing from any person who may 'die seized or possessed of such estates, either by will, or under the intestate laws of this state, . . . . other than to or for the use of father, mother, husband, wife, children, and lineal descendants born in lawful wedlock, or the wife, or widow, of the son of the person dying seized or possessed thereof, shall be and they are hereby made subject to a tax of $5 on every hundred dollars of the clear value of such estate or estates, and at and after the same rate for any less amount, to be paid to the use of the commonwealth.'

" By the first section of the Act of April 7, 1826, the original act providing for the collection of the collateral inheritance tax, the amount of the tax was fixed at two and one half per cent, which was increased to five per cent by the Act of April 22, 1846; and the first section of the Act of 1887, above quoted, combines therein the provisions of the first section of the Act of 1826, the fourth section of the Act of April 22, 1846, and the eleventh section of the Act of April 10, 1849, P. L. 571. Thus we have in the Act of 1887, section I, the provision for the tax, its amount, and the persons who take the property of the testator or decedent exempt from the tax.

" In the absence, therefore, of any further provision, ' all estates, real, personal and mixed, of every kind whatsoever . . . . passing from any person who may die seized or possessed of such estates, either by will, or under the intestate laws of this state, or any part of such estate or estates, or interest therein, transferred by deed . . . . made or intended to take effect . . . . after the death of the grantor . . . . to any person or persons, or to bodies corporate or politic, in trust or otherwise,' other than to the persons exempt from the tax, would be liable therefor.

" But the legislature, believing the tax a hardship, and onerous upon estates of inconsiderable amount, excepted from its payment those of less than $250 in value. This is provided in the original Act of 1826, was never afterwards disturbed, and re-enacted in the Act of 1887, by the third section of which it is expressly declared that ' No estate which may be valued at a less sum than $250 shall be subject to the duty or tax.' Thus all estates, with the proviso mentioned, passing to per-

sons or bodies corporate other. than those exempt, are liable for the tax.

"What then is intended by the use of the phrase 'all estates?' It is strongly urged that it is meant legacies, and of course both pecuniary and specific, with annuities, and distributive shares in case of intestacy, and if they be less than $250 they are exempt from the tax. But such has never been our understanding of the meaning of the act, and is contrary to the undisputed interpretation and uniform practice of this court since the passage of the Act of 1826, now more than sixty-five years. When the legislature said 'all estates' shall be liable, it meant that which a person shall die siezed or possessed of, and shall leave either by will or through intestacy to be administered according to the laws of the commonwealth; in other words, his property, real or personal. This, we think, is clear, from an examination of all the statutes passed upon the subject. The Act of 1887, which is merely a compilation of the prior acts, and declaratory of the law as found therein, as well as in decisions of the Supreme Court, and in effect intended to provide for the better collection of the tax, as shown by our brother PENROSE in Del Busto's Estate, 45 Legal Intell. 474, indicates throughout, by the word 'estate' that the property of the decedent was contemplated, and not the interest therein of the legatee or distributee.

"In the same first section of the Act of 1887, estates, whether situated within this state or any other state, are spoken of. Any part of such estate or estates, or interest therein transferred by deed, etc., is rendered liable to the tax. Again, the clear value of such estate or estates is made the criterion. By the fourth section of the act, where, from claims upon the estate, litigation or other unavoidable cause of delay, the estate cannot be settled up at the end of the year six per cent interest only upon the tax shall be charged, etc. And by the fifth section, any executor or administrator, or other trustee, paying any legacy or share in the distribution of any estate, subject to the tax, shall deduct therefrom the tax, etc. By the ninth section the register's receipt, when countersigned by the auditor-general, shall be a proper voucher for the payment of the tax in the settlement of the estate. By the eleventh section, if debts be proven against the estate of the

decedent after payment of the tax, and a legatee is required to refund a proportion, the tax shall be repaid by the county treasurer, etc.   And finally, the twelfth section provides for the appointment of an appraiser to 'fix the valuation of estates which are or shall be subject to collateral inheritance tax,' who shall 'make a fair and conscionable appraisement of such estates,' etc.

"Indeed, a laborious analysis of the acts of assembly referred to is unnecessary.   The intention of the legislature is clear, that the liability to the tax is to be determined, not by the amount of the legacy, but by the clear value of the estate passing to persons or bodies corporate not exempt from taxation. If the net value of the estate to be distributed exceeds $250, it follows, therefore, that legacies or distributive shares passing to collaterals, strangers in blood, etc., are liable to the tax.

"This is the view taken by CLAYTON, P. J., in Commonwealth v. Boyle, et al., 2 Del. Co. Reports, 335, where it is held that the word 'estate' in the Act of April 7, 1826, applies to the property possessed by the decedent, and not to the individual legacies ; and therefore where the estate exceeds $250 in value, the tax must be levied upon all legacies other than those exempt by the act, regardless of the amount of the legacy.   And since the argument before us, we find that WICKHAM, P. J., reached the same conclusion in Mixter's Estate, 28 W. N. C. 182, where he also holds that the exemption section in the Act of 1887 'refers to the whole estate and not to legacies, devises, or distributive shares carved therefrom.'

"It is thought that Commonwealth v. Kerchner, 24 W. N. C. 260, is in conflict with the view we take ; but an examination of that case shows that no opinion is given by the court, and the facts reported do not sustain the syllabus by the reporter. There the gross amount of the legacies passing collaterally was less than $250, the greater part of the estate being given to lineal heirs ; and therefore the legacies were held exempt from the tax.   It does not decide that if the amount of the legacies passing collaterally exceeded $250, those less than that sum are exempt from the tax.   In fact, that case is in harmony with our conclusion.

"We have been referred to several cases by the courts of New

York, wherein it has been held, under the statute of June 25, 1887, which exempts an 'estate' valued at less than $500 from the duty or tax, that legacies to that amount or less are not subject to the tax. In Matter of Cager, 111 N. Y. 343; Matter of Howe, 112 Ib. 100; Matter of Smith, 5 Dem. 90; Matter of Hopkins, 6 Ib. 1, and Matter of McCready, Ib. 292. But, as remarked by Mr. Dos Passos, in his valuable treatise on the Law of Collateral Inheritance Taxes, etc., this 'seems contrary to the general practice of the different surrogates,' and a rule 'as to which there is much doubt.'

"But, however it may be in New York, we prefer to follow that which has been the settled construction of our statutes upon the subject. For the reasons given, the legacies to the charities amounting in the aggregate to an estate exceeding $250, are chargeable with the tax.

"The exceptions are dismissed and adjudication confirmed."

The Philadelphia Protestant Episcopal City Mission appealed.

*Error assigned* was the dismissal of the exceptions.

*John Marshall Gest*, for appellant.

*Page, Allinson & Penrose, William U. Hensel*, attorney general, for the commonwealth, were not heard.

PER CURIAM, January 15, 1892.
Decree affirmed.*

─────────

* See articles on this subject by Hon. C. B. Penrose in Legal Intelligencer, January 15, 1892, and by Samuel Hinds Thomas, Esq., 10 Pa. C. C. Rep. 410.