[No. 15833.   Department One.   August 18, 1920.]

## In the Matter of the Estate of BREWSTER FERREL, Deceased.[1]

TAXATION (229)—INHERITANCE TAX—COMPUTATION—DEDUCTION OF FAMILY ALLOWANCE. In the computation of the inheritance tax, $1,000 is deductible from the estate as a family allowance, as expressly provided by Laws of 1917, p. 593, § 1, notwithstanding the executors were acting under a nonintervention will which made no provision therefor; in view of the wide scope of the authority of such executors under Laws of 1917, p. 642, § 93, and the fact that the law authorizes the allowance for the welfare of the family as if the testator himself had made the provision.

SAME (229)—EXEMPTIONS FROM TAX—STATUTES—CONSTRUCTION. Laws of 1917, p. 196, amending Rem. & Bal. Code, § 9183, and providing for an inheritance tax of one per cent of the value of estates not exceeding $50,000, if passing to a wife or lineal descendant, provided that, in such case, $10,000 of the net value of any estate shall be exempt from such tax, must be construed as meaning that one exemption of $10,000 should be allowed, and not as many as there are heirs or legatees, if more than one.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered February 2, 1920, upon findings in favor of the executors of an estate, in proceedings to determine the method of computing an inheritance tax, after a trial to the court upon stipulated facts. Reversed.

*J. M. Thatcher* and *Geo. G. Hannan,* for appellants.

*Gose & Crowe,* for respondent.

HOLCOMB, C. J.—On or about September 27, 1918, Brewster Ferrel died in Walla Walla, leaving an estate valued at over $279,000. By nonintervention will, the deceased gave the estate to his widow and seven children and appointed his four sons executors. The will was admitted to probate, the executors quali-

[1]Reported in 192 Pac. 10.

fied, and the estate was duly administered. A controversy arose between the executors and the state tax commissioner as to the method of computing the inheritance tax upon the estate. Being unable to agree thereon, they entered into a stipulation as to the facts and submitted to the trial court the question of the amount of inheritance tax due the state. After hearing the case, the trial court made findings, to which certain exceptions were allowed the state, and thereafter entered judgment in favor of the executors. The state, by the tax commissioner, has appealed.

A number of assignments of error are made upon certain findings of the court and the rendering of its decree; but, in their last analysis, these assignments present here for determination but two questions, viz.:

Whether, in the computation of the inheritance tax, $1,000 may be deducted from the estate as a family allowance, during administration under a nonintervention will, without order of the court, but later found to be reasonable and valid; and whether, in the computation of the inheritance tax, the entire estate left by the deceased is entitled to a single exemption of $10,000, or whether the amount passing to each legatee as a separate entity is entitled to the exemption of $10,000.

Taking up the first question, we find, by referring to ch. 146, p. 593, Laws of 1917 (amendment of inheritance tax act), that § 1 thereof provides:

"That section 9182 of Remington and Ballinger's Code be amended to read as follows:

"Section 9182. All property within the jurisdiction of this state, . .. . which shall pass by will . . . shall, for the use of the state, be subject to a tax as provided for in section 9183 [which provides for the levying of the inheritance tax], after the payment of all debts . . . and family allowance not to exceed $1,000, . . ."

Appellant calls attention to sections 92 and 93 of the probate code, ch. 156, p. 642, Laws of 1917, the two sections named appearing under the heading, "Settlement of Estates without Administration," on pp. 666 and 667; and says that, under these two sections, the executors obtain their authority, not from the court or the general laws in regard to ordinary wills, but from the will itself. Appellant then argues that the will nowhere authorizes the executors to make any family allowance; that to make such allowance is a violation of the terms of the will, the only document through which the executors receive their authority, and that they should be bound in all their actions by its provisions.

Section 92 of the probate code provides for the settlement of estates without intervention by the court, when so directed in the will; and also provides for the making of the court's order of distribution, and for the procedure in the event of refusal or disqualification of an executor or of any mismanagement of the estate by an executor, such provisions not being material here. Section 93 gives to executors acting under nonintervention wills a very wide scope of authority. Under this section it would seem that the executors in the instant case had power to do several things in connection with the handling of the real and personal property which they did not even attempt to do, and compared to which the mere paying out to the widow, for her support pending settlement of the considerable estate, something in excess of $1,000 in the form of a family allowance, seems rather insignificant. The law authorizes the allowance for the welfare of the family, and it is as much a part of the rights of the family during administration as if the testator had himself made the provision therefor.

We conclude that an allowance of $1,000 was a proper deduction from the estate.

The second question is whether, in computing the inheritance tax, the amount of the exemption shall be deducted but once, that is, from the net estate here subject to the inheritance tax; or whether $10,000 of the share of each beneficiary is exempt from taxation.

Chapter 43, p. 196, Laws of 1917, under the heading Taxation of Inheritances, provides:

"Section 1. That section 9183 of Remington & Ballinger's Code be amended to read as follows:

"Section 9183. The inheritance tax shall be imposed on all estates subject to the operation of this act at the following rate:

"If passing to or for the use of a . . . wife . . . (or) lineal descendant, the tax shall be one per centum of any value not exceeding fifty thousand dollars; . . . . *Provided, however,* That in the above cases, ten thousand dollars of the net value of any estate shall be exempt from such duty or tax."

Here, $45,058 passed to the widow and $12,548.41 passed to each child.

The particular question involved in this case does not appear to have been heretofore presented to this court. The original inheritance tax law, ch. LV, § 2, Laws of 1901, p. 68; Rem. & Bal. Code, § 9183, provided for a graduated inheritance tax levy, and in regard to direct heirs, enacted as follows:

"The inheritance tax shall be and is to be levied on all estates subject to the operation of this chapter (act) on all sums above the first ten thousand dollars, where the same shall pass to or for the use of the father, mother, husband, wife, lineal descendant, adopted child, or the lineal descendant of an adopted child, one (1) per centum. . . ."

This section was amended by the legislature of 1917, by ch. 43, p. 196, Laws of 1917, section 1 of which has

been hereinbefore quoted. The 1901 statute, providing for an inheritance tax on all estates in excess of $10,000 passing to direct heirs, is merely changed by the act of 1917 so that the exemption of $10,000 occurs in the proviso to the amendment exempting that sum from the net value of any estate from such duty or tax.

We have uniformly held that the inheritance tax provided for in this state is a succession tax on distributive shares upon devolution of an estate, holding in several cases to the effect that an inheritance tax is not one on property, but one on the succession of property. The right to take property by devise or descent is a creature of the law and not an inherent right or privilege, and therefore the authority which confers it may enforce conditions upon it. *State v. Clark,* 30 Wash. 439, 71 Pac. 20; *In re Clark's Estate,* 37 Wash. 671, 80 Pac. 267; *In re White's Estate,* 42 Wash. 360, 84 Pac. 831; *In re Stixrud's Estate,* 58 Wash. 339, 109 Pac. 342, Ann. Cas. 1912 A 850, 33 L. R. A. (N. S.) 632.

We also held, in *In re Corbin's Estate,* 107 Wash. 424, 181 Pac. 910, and in *In re Smith's Estate,* 107 Wash. 698, 183 Pac. 517, that each legacy should be considered as a separate entity and taxed as such at the statutory rate. But none of those cases involved the question of whether the exemption of $10,000 allowed by the statute is one exemption of $10,000, or as many exemptions of $10,000 as there are heirs or devisees coming within that class where the exemption is granted.

Respondents cite a number of cases from New York, Kentucky, Colorado and the United States supreme court, which are claimed to sustain their contention to the effect that the exemption should be deducted from each distributive share of each of the devisees or heirs where in excess of $10,000.

The supreme court of the United States, in *Knowlton v. Moore,* 178 U. S. 41, passed upon the act of Congress of June 13, 1898, sections 29 and 30 (30 U. S. Comp. Stat. 448); the language of the provision of § 29 beginning as follows:

"That any person or persons having in charge or trust, as administrators, executors or trustees, any legacies or distributive shares arising from personal property where the whole amount of such personal property as aforesaid shall exceed the sum of ten thousand dollars in actual value, passing, after the passage of this act, from any person possessed of such property, either by will or by the intestate laws of any state or territory, . . ."

The supreme court held, Justices Harlan and McKenna dissenting therefrom, that in view of the above-quoted language providing that "any person or persons having in charge or trust, as administrators, etc., any legacies or distributive shares arising from personal property where the whole amount *of such personal property as aforesaid* shall exceed the sum of ten thousand dollars in actual value, passing, . . . either by will or by the intestate laws of any state or territory," by the use of the words, "having in charge or trust, . . . any legacies or distributive shares arising from personal property where the whole amount *of such personal property as aforesaid* shall exceed the sum of $10,000 . . . passing," etc., emphasizing the relation of the words, "such personal property as aforesaid," to the clause, "any legacies or distributive shares," manifested the intention of Congress to tax only the legacies in excess of $10,000 arising from such personal property. That decision and that construction of the Federal statute therefore do not seem to be in point upon our statute, nor are we

bound by that decision in construing the terms and intent of our state legislation.

In New York the language of the act of June 10, 1885 (Laws of N. Y. 1885, p. 820), was that:

"After the passage of this act, all property which shall pass by will, etc.," other than to certain excepted persons, "shall be and is subject to a tax of $5 on every $100 of the clear market value of such property . . . Provided, That an estate which may be valued at a less sum than $500 shall not be subject to said duty or tax."

In passing upon this act, the New York court of appeals stated that "estate," as used in this proviso, refers to the estate or share of each beneficiary acquired through the will or the statute of distribution, which is to be valued, and the duty estimated, according to its value. *In re Howe's Estate,* 112 N. Y. 100; *In re Cager's Will,* 111 N. Y. 343. Nor does the language of that act appear to be sufficiently identical with the language of our act.

The Kentucky statute (Ky. Stat. 1915, ch. 108, § 4281a, p. 2160), provided that:

"All property which shall pass, by will or by the intestate laws of this state, . . . or any interest therein, or income therefrom, which shall be transferred by deed, grant, sale or gift, made in contemplation of the death of the grantor or bargainer, or intended to take effect in possession or enjoyment after such death, to any person or persons, . . . shall be, and is, subject to a tax of five dollars on every one hundred dollars of the fair cash value of such property, and at a proportionate rate for any less amount, . . . Provided, That the first five hundred dollars of every estate shall not be subject to such duty or tax."

In passing upon this act, the Kentucky court of appeals said:

"The tax is upon the individual, and can be imposed only when the particular interest in the dece-

dent's estate passing to him exceeds $500." *Booth's Ex'r v. Commonwealth ex rel. Jefferson County Atty.,* 130 Ky. 88, 113 S. W. 61.

The language of the Kentucky act is very nearly identical with the New York act regarding the taxing of the legacy, bequest or distributive share after the first $500.

In *State v. Clark, supra,* we held that the exemption in the inheritance tax law of 1901, *supra,* from the provisions of the act of sums below $10,000, when the estate passed to direct heirs and kindred, was not invalid as violating the constitutional requirements of equality in taxation, for the reason that it did not extend the same exemption to devises to collateral heirs or strangers to the blood, because the $10,000 was to be deducted from the portion of the estate devised to the first class mentioned and not extended to collateral heirs or strangers to the blood. It appeared to be there impliedly held or assumed that the $10,000 exemption was an exemption to the class from the whole estate, and not an exemption to each of the heirs or devisees.

California appears to have a statute specifically providing that the exemption shall be deducted from the shares of the persons classified granted exemptions, thereby granting the exemption to each of such persons so classified. Statutes of California, 1905, p. 343; Id., 1911, p. 715.

Iowa appears to apply the exemption under a statute providing that the tax is payable on the value of the estate above $1,000 remaining after the payment of all debts, from all the bequests or devises as a whole and not from each legacy. *In re McGhee's Estate,* 105 Ia. 9, 74 N. W. 695; *Harriott v. Bacon,* 110 Ia. 342, 81 N. W. 701. The same also appears to be

the rule in Pennsylvania. *Howell's Estate,* 147 Pa. 164, 23 Atl. 403. Utah follows the Pennsylvania rule, and in announcing it cites the above-named Pennsylvania case in *In re Dixon v. Ricketts,* 26 Utah 215, 72 Pac. 947. Montana also gives it the same construction. *State ex rel. Gilmore v. District Court,* 45 Mont. 335, 122 Pac. 922.

In view of the language of our statute of 1917, amending the act of 1901, we are of the opinion that the proviso was inserted in the form it was, as a proviso in the act of 1917 (Laws of 1917, p. 196), on account of its having been omitted from the enacting clause in amending the former act. The proviso seems to be clear in its intention:

"Provided, however, That in the above cases, ten thousand dollars of the net value of *any estate* (not *of any such share,* as was the case in the United States supreme court case, *supra*) shall be exempt from such duty or tax."

It is the rule that the provision of a law granting exemption is to be strictly construed against a claimant. The beneficiary must be clearly within the statutory language. Dos Passos on Inheritance Tax Law (2d ed.), p. 74, and cases cited.

When we construe this language strictly, notwithstanding the fact that it is a change in language from the original act granting the exemption of $10,000, we are of the opinion that the statute manifestly meant that only one exemption of $10,000 should be allowed, and not as many exemptions as there were heirs or legatees, if there were more than one.

In consequence of these observations, the decree of the trial court should be modified so that the exemption of $10,000 shall be deducted from the net value of the community half-interest to be distributed, viz., $132,896.87, leaving the sum of $122,896.87 subject to

the tax thereon at one per cent, amounting to $1,-228.96.

Reversed and remanded with instructions to enter decree in conformity herewith.

PARKER, MAIN, MITCHELL, and MACKINTOSH, JJ., concur.